**UNITED STATES of America, Plaintiff,**

v.

**Alvin Leon MC GEE, Defendant.**

**Nos. 96–CR–6065L, 04–CV–6104L.**

United States District Court, W.D. New York.

Sept. 27, 2005.

---

Alvin Leon McGee, Duluth, MN, pro se.

### DECISION AND ORDER

LARIMER, District Judge.

Alvin Leon McGee ("McGee") has filed a motion pursuant to 28 U.S.C. § 2255 to vacate the judgment and conviction in this case. McGee was convicted after a jury trial of conspiracy to distribute heroin and cocaine and of related offenses. He was sentenced by this Court on May 26, 2000, principally to a term of 87 months on Count 1 and 48 months on Count 17, to run concurrently. The conviction was affirmed by the United States Court of Appeals for the Second Circuit on March 11, 2003, *U.S. v. Dukagjini*, 326 F.3d 45 (2d Cir.2003), *cert. denied*, 541 U.S. 1092, 124 S.Ct. 2832, 159 L.Ed.2d 259 (2004).

■ There is no basis for the relief requested and petition is hereby dismissed. First of all, I agree with the arguments made by the Government in its answer to the petition (Dkt.# 479). McGee has defaulted on any claim of ineffective assistance of trial counsel. McGee was repre-

sented by different counsel on appeal and there is no reason advanced why the present claims could not have been made on direct appeal. It is clear that proceedings under § 2255 are not designed as a substitute for direct appeal. For this reason alone, the petition should be dismissed.

█ In his motion to vacate, McGee raises only one issue: that trial counsel was ineffective for failing to base his objection to the testimony of Special Agent Richard Biggs on the ground that it violated McGee's rights under the Confrontation Clause of the Sixth Amendment. Counsel did raise objections to portions of Biggs' testimony but not on this ground. McGee claims that he was prejudiced by this failure. He claims that the Second Circuit considered his claim on appeal using the plain-error standard and McGee suggests that if a different, lesser standard was utilized, his conviction would have been reversed.

I disagree. In considering whether McGee was prejudiced, the Second Circuit considered whether the error "affected the outcome of the district court proceedings," 326 F.3d at 61, *citing United States v. Gore,* 154 F.3d 34, 47 (2d Cir.1998).

The Second Circuit determined that the Biggs' testimony did not substantially influence the jury's verdict and that in light of the prosecution's "formidable array of admissible evidence," 326 F.3d at 62, the challenged evidence was merely cumulative. As the Second Circuit noted, three separate cooperating witnesses, Keith Miller, Raymond Fuller and Linda Fuller, testified at length concerning McGee's significant participation in the charged narcotics conspiracy.

Although not raised as a claim in his petition, McGee makes other claims of ineffective assistance in his memorandum. None warrant relief. The claim that McGee was not advised of a "plea offer" is not supported by the record. As the Government points out in its submission, McGee received several offers concerning a potential plea when represented by two different lawyers, his trial counsel and his prior counsel. He rejected them all. Many of the codefendants had pleaded guilty and it strains credulity to believe that plea offers were not conveyed to and discussed with McGee. According to the submissions, McGee professed his "innocence" and rejected all plea offers.

█ Also, as noted by the Government, the record demonstrates clearly that the issue concerning defendant's decision to testify came up on three separate occasions during the trial. Defendant clearly indicated his intent not to testify. In fact, McGee now concedes that he told the Court that he did not intend to testify when specifically questioned about that decision by the Court. In spite of that unequivocal statement, McGee now contends, 5 years after the trial, that he really did want to testify but that his attorney told him not to. This argument also strains credulity. McGee may have been counseled not to testify but he clearly advised the Court of his decision not to do so. In his memorandum filed in support of this petition, McGee claims that he intended to testify so the jury would "have mercy on him." (McGee's Memorandum of Law, filed May 10, 2004 at p. 3). In light of the strong evidence against him, it is hard to see what purpose would be gained by defendant testifying on the slim chance the jury would have mercy and acquit him. Even now, McGee does not suggest how his testimony might have exculpated him.

## CONCLUSION

The petition of Alvin Leon McGee to vacate the Judgment and Conviction in this case, pursuant to 28 U.S.C. § 2255 is

in all respects denied and the petition is dismissed.

I decline to issue a certificate of appealability because McGee has failed to make a substantial showing of the denial of a constitutional right.   (28 U.S.C. § 2253(c)(2)).

IT IS SO ORDERED.